UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GUY GRIMSLEY,

        Plaintiff,

  v.

CHARLES RIVER LABORATORIES, Delaware corporation, and DOES I-V; BLACK & WHITE CORPORATIONS I-V; ABLE & BAKER PARTNERSHIPS, inclusive,

        Defendants.

CHARLES RIVER LABORATORIES, Delaware corporation,

        Counter-claimant,

  v.

GUY GRIMSLEY,

        Counter-defendant.

3:08-CV-00482-LRH-VPC

ORDER

Before the court is Plaintiff Guy Grimsley's ("Plaintiff") Request for Review of

Magistrate's Order Denying Plaintiff's Motion to Compel Responses to Discovery and Awarding

Sanctions (#51[1]).  Defendant Charles River Laboratories ("Defendant" or "Charles River") has filed a response (#60) to which Plaintiff did not reply.

**I.     Facts and Procedural History**

This action arose out of Plaintiff's employment with Charles River.  On October 5, 2007, after employing Plaintiff for a year as a Director of Laboratory Sciences, Charles River discharged Plaintiff citing cultural differences.  On September 8, 2008, Plaintiff filed this employment discrimination action alleging violations of Title VII based on Plaintiff's national origin and age.  Plaintiff also alleges that Charles River discharged him because he objected to Defendant's business practices in conducting testing on animals.

The original discovery plan and scheduling order (#20) set April 27, 2009, as the discovery cut-off date.  After the parties sought an extension, the court extended the discovery cut-off until July 27, 2009, but noted that no further extensions would be granted (#26).  On July 7, 2009, Plaintiff filed a motion to extend discovery (#32).  On July 24, 2009, Plaintiff filed a second motion to extend time for filing a motion to compel discovery (#34).  Defendant opposed both motions, arguing that Plaintiff not only failed to comply with Local Rule 26-4, but also failed to disclose that Plaintiff waited almost three months to schedule the meet and confer concerning discovery responses served on April 17, 2009.

On August 17, 2009, Judge Cooke held a hearing and issued an order (#41) directing the parties to engage in meaningful meet and confer efforts to try to resolve pending discovery disputes.  Judge Cooke also granted Plaintiff's counsel an additional thirty days to review recently produced documents and file a motion to compel if needed.  In compliance with the magistrate's order, the parties scheduled a conference for September 8, 2009, to meet and confer about the remaining discovery disputes.  However, without notifying the opposing party or taking any steps to reschedule, Plaintiff's counsel failed to attend the conference.

---

[1] Refers to the court's docket entry number.

2

On September 15, 2009, Defendant's attorney attempted to contact Plaintiff's counsel. Plaintiff's counsel responded the following day. The parties met in the afternoon of September 17, 2009, the day the motion to compel was due. The parties did not reach an agreement. Later that day, Plaintiff's attorney filed a motion to compel (#42).

On November 2, 2009, Magistrate Judge Cooke issued an order (#49) denying Plaintiff's motion to compel discovery. Judge Cooke held that Plaintiff's counsel failed to comply with her August 17, 2009, order by not making a sincere effort to resolve discovery disputes. Judge Cooke also determined that the conduct of Plaintiff's counsel violated Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-7(b). As a result of these violations, Judge Cooke awarded Defendant attorneys' fees and costs for the meet and confer process following the August 17, 2009 hearing, the preparation of Defendant's opposition to the motion to compel (#44), and the attendance of Defendant's counsel at the October 19, 2009, hearing.

**II.     Legal Standard**

A party may appeal to the district court any pretrial non-dispositive matter ruled on by a magistrate judge. 28 U.S.C. § 636(b)(1)(A). In reviewing a non-dispositive order entered by a magistrate judge, the court does not conduct a *de novo* review. Rather, the court applies a more deferential standard of abuse of discretion under which the moving party must show that the magistrate judge's order is "clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Local Rule of Practice IB 3-1. *See also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (holding that a judge abuses her discretion "only when [her] decision is based on an erroneous conclusion of law or where the record contains no evidence on which [she] rationally could have based that decision").

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and are thus subject to the "clearly erroneous or contrary to the law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). A

magistrate's finding is clearly erroneous only if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

**III.     Discussion**

Plaintiff objects to Judge Cooke's order on two grounds.  First, Plaintiff argues that the magistrate's conclusion that the parties did not meet and confer about the disputed discovery is erroneous.  Second, Plaintiff argues that it was grossly overbroad to deny Plaintiff's motion in its entirety because of a failure to meet and confer about a discovery dispute.  (Pl.'s Request (#51) 3:7-12.)

Upon carefully reviewing the parties' points and authorities, the relevant law, and the record as a whole, the court finds that Judge Cooke's order was neither clearly erroneous nor contrary to the law.  The record shows that on August 17, 2009, Judge Cooke issued an order expressly directing the parties to make a meaningful effort to resolve discovery disputes.  The record further shows that Plaintiff's counsel not only missed a scheduled meet and confer conference without notifying the opposing party, but also waited until the day before the deadline before attempting to resolve the dispute.  Applying the deferential standard of review, the court finds that the evidence in the record supports Judge Cooke's conclusion that the conduct of Plaintiff's attorney did not demonstrate a sincere and meaningful attempt to resolve discovery disputes.

Plaintiff further claims that Judge Cooke erred as to whether the parties met and discussed the discovery requests at issue.  The review of the record, however, makes clear that Judge Cooke imposed sanctions on Plaintiff and denied the motion to compel not for failure to meet and confer about a discovery dispute. The magistrate judge explained in her order (#49) that she sanctioned Plaintiff for failure to comply with her order (#41) and for violating Federal Rule of Civil Procedure 37 (a)(1) and Local Rule 26-7(b).  The court granted Plaintiff's counsel an additional

4

1  thirty days to make a sincere and meaningful effort to resolve the discovery disputes.  Even if
2  Plaintiff's counsel believed that the parties could not reach an agreement regarding discovery
3  requests concerning animal welfare information or that they previously discussed the
4  interrogatories at issue, it appears that there are grounds upon which Judge Cooke could conclude
5  that the attempted resolution of the dispute was neither sincere nor meaningful.

6        As to sanctions imposed on Plaintiff, Federal Rule of Civil Procedure 37(b)(2) permits the
7  court to impose sanctions against a party who fails to obey a court order regarding discovery.  Fed.
8  R. Civ. P. 37(b)(2).  Rule 37(b)(2) allows a judge to require a party to pay the reasonable expenses,
9  including attorneys' fees, caused by the failure to obey an order fo the court.  *Id*.  The authority of
10 magistrate judges to impose discovery sanctions is established by 28 U.S.C. § 636 and recognized
11 by the Ninth Circuit.  *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.
12 1991).  As such, Judge Cooke did not abuse her discretion in sanctioning Plaintiff to pay for the
13 attorneys' fee and costs Defendant incurred in complying with the court's August 17, 2009, order.

14       Accordingly, the court finds that the Magistrate Judge's decision to sanction Plaintiff and
15 deny his motion to compel was not clearly erroneous or in violation of the law.

16       IT IS THEREFORE ORDERED that Magistrate Judge's November 2, 2009 order (#49) is
17 AFFIRMED.

18       IT IS SO ORDERED.
19       DATED this 13th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE