1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| **GUY GRIMSLEY** | ) | |
| Plaintiff, | ) | **3:08-cv-00482-LRH-VPC** |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **CHARLES RIVER LABORATORIES** | ) | |
| | ) | |
| Defendant. | ) | **November 3, 2010** |

11   On November 2, 2009, the court denied Guy Grimsley's ("plaintiff") motion to compel

12   responses to discovery and granted Charles River Laboratories' ("defendant") attorney's fees and

13   costs related to the meet and confer process at issue in the motion.  Before the court is defendant's

14   statement of fees and costs (#55), plaintiff's opposition (#59), and defendant's reply (#61).  The

15   court directed defendants to supply an amended statement of fees and costs, which "itemize[s] each

16   task and the hourly increment billed for that task, as opposed to lump billing entries" (#66).

17   Defendant submitted an amended statement of fees and costs (#68), and plaintiff opposed (#70).

18   ### I. FACTUAL & PROCEDURAL BACKGROUND

19   On September 8, 2008, plaintiff filed this employment discrimination action alleging, among

20   other claims, violations of Title VII based on plaintiff's national origin and age discrimination (#1).

21   Plaintiff alleges that defendant fired plaintiff because he objected to planned laboratory animal

22   management practices, which are not accepted in European countries.  *Id.* at 5.  Defendant denies

23   it terminated plaintiff due to his age or national origin and contends that it terminated plaintiff

24   because defendant's management team had received numerous complaints about him (#42, p. 11-12).

25   The original discovery plan and scheduling order (#20) set April 27, 2009, as the discovery

26   cut-off date.  After the parties sought an extension, the court extended the discovery cut-off until July

27   27, 2009, but noted that no further extensions would be granted (#26).  On July 7, 2009, plaintiff

28   filed a motion to extend discovery (#32).  On July 24, 2009, plaintiff filed a second motion to extend

1  time for filing a motion to compel discovery (#34).  Defendant opposed both motions, arguing that

2  plaintiff not only failed to comply with Local Rule 26-4, but also failed to disclose that plaintiff

3  waited almost three months to schedule the meet and confer concerning discovery responses served

4  on April 17, 2009.

5        On August 17, 2009, this court held a hearing and issued an order (#41) directing the parties

6  to engage in meaningful meet and confer efforts to try to resolve pending discovery disputes.  The

7  court also granted plaintiff's counsel an additional thirty days to review recently produced documents

8  and file a motion to compel if needed.  In compliance with the order, the parties scheduled a

9  conference for September 8, 2009, to meet and confer about the remaining discovery disputes.

10  However, without notifying the opposing party or taking any steps to reschedule, plaintiff's counsel

11  failed to attend the conference.  On September 15, 2009, defendant's attorney attempted to contact

12  plaintiff's counsel.  Plaintiff's counsel responded the following day.  The parties met in the afternoon

13  of September 17, 2009, the due date for the motion to compel.  The parties did not reach an

14  agreement. Later that day, plaintiff's attorney filed a motion to compel (#42).

15        On November 2, 2009, the court issued an order (#49) denying plaintiff's motion to compel

16  discovery. The court held that plaintiff's counsel failed to comply with the August 17, 2009 order

17  by not making a sincere effort to resolve discovery disputes. The court also determined that the

18  conduct of plaintiff's counsel violated Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-

19  7(b). As a result of these violations, the court awarded defendant attorney's fees and costs for the

20  meet and confer process, preparation of defendant's opposition to the motion to compel (#44), and

21  attendance of defendant's counsel at the October 19, 2009 hearing.[1]

22        In response to this order, defendant submitted a statement of fees and costs on November 16,

23  2009 (#55).  Defendant's statement of fees and costs included a request for $8748 in attorney's fees

24  for 44.2 hours of work completed by Paul Trimmer and Gary Moss,  and $360.30 in travel costs to

25  attend the October 16, 2009 hearing.  Plaintiff opposed the statement arguing that defendant did not

26

27        [1]     Plaintiff  requested review of the November 2, 2009 order (#51).  The district court judge
affirmed the order noting that the Magistrate Judge's denial of the motion to compel and imposition of

28  sanctions for plaintiff's violations of her order (#41), Federal Rule of Civil Procedure 37(a)(1), and Local
Rule 26-7(b) were not clearly erroneous or in violation of the law (#62).

1   produce detailed billing records and  included fees not necessary to the meet and confer process (#59,

2   pp.2-4).  Defendant replied (#61).  The court directed defendant to amend its statement of fees and

3   costs to include additional, itemized detail (#66).  Defendants submitted an amended statement of

4   fees and costs (#68), which includes dates for specific tasks, descriptions for tasks, hours expended,

5   and total cost of the task.  Plaintiff opposed (#70), incorporating arguments from its initial opposition

6   and also including arguments regarding specific time entries.   Specifically, plaintiff noted the

7   following discrepancies: (1) three entries on October 2, 2009, October 12, 2009, and October 13,

8   2009,  for Gary Moss that detailed meetings with Paul Trimmer for which Mr. Trimmer did not have

9   corresponding entries; (2) one entry for Mr. Moss on October 19, 2009, for a .7 hour meeting with

10  Mr. Trimmer for which Mr. Trimmer listed one hour; (3) one entry for Mr. Trimmer to "prepare

11  motion to compel arguments," which plaintiff argues is not within the allowable fees as the subject

12  of this fee award arises from defendant's preparation of its opposition to plaintiff's motion to

13  compel; and (4) one entry for Mr. Trimmer that lists 1.8 hours to prepare a one-page letter to

14  opposing counsel.  *Id.* at 3.

15                    **II.  <u>LEGAL DISCUSSION AND ANALYSIS</u>**

16  **A.      Discussion**

17          "It remains for the district court to determine what fee is 'reasonable'" upon a party's

18  showing that it is entitled to attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)

19  (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).  In federal court, reasonable

20  attorney's fees are based on the "lodestar" calculation described in *Hensley*.  *See id.; Fischer v. SJB-*

21  *P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *Van Asdale v. Int'l Game Tech.*, 2010 WL 1490349

22  (D. Nev. April 13, 2010).   This calculation requires a determination of the "number of hours

23  reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at

24  433.  The party seeking attorney's fees should submit evidence to support the number of hours

25  worked and the hourly rates quoted.  *Id.*

26          Local Rule 54-16 and the court's November 2, 2009 order (#49) provide guidance for the

27  type of evidence the court requires defendant to submit it order to substantiate its claim for fees and

28  costs.  Local Rule 54-16(b) sets forth the requirements for an attorney's fee motion and explains that

in the absence of court guidance, parties should abide by the requirements outlined in Local Rule 54-16(a)-(c).[2]  In this case, the court provided the following direction in its November 2, 2009 order:

> [D]efendant's counsel shall be awarded its attorney's fees and costs for the meet and confer process following the August 17, 2009 hearing, the preparation of defendant's opposition to motion to compel (#44), and defendant's counsels' attendance at the October 19, 2009 hearing. . . . [D]efendant's counsel shall have have until Monday, November 16, 2009, in which to file a statement of attorney's fees and costs pursuant to Local Rule 54-16.  It shall include a summary of the legal services rendered with a description of each task, the time required for the performance of each task, the cost attributable to each task, the attorney who performed each task, that attorney's hourly rate, and the cost of each task.  The defendant shall itemize costs attributable to the tasks listed above and attach an affidavit by the attorney responsible for the billings in the case authenticating the information contained in the memorandum attesting that the statement has been reviewed and that the fees and costs charged are reasonable.

(#49, pp. 6-7) (emphasis removed).

**B.    Analysis**

Plaintiff's primary contention in the instant dispute is the number of hours "reasonably expended" by defendant and the manner in which defendant documented those hours in its statement of fees and costs submitted to the court.  Plaintiff believes defendant's fees are not reasonable because they reflect too much time spent on one motion, one hearing, and the failed meet and confer process.  Plaintiff supports this point by arguing that defendant defied the court's order by not including adequate documentation of its expenses.  In advancing these claims, plaintiff suggests that defendant deliberately refused to produce original billing records because to do so would alert the court to defendant's "gross misrepresentations made to the Court about the [plaintiff's] failure to meet and confer regarding the discovery disputes" (#59, p. 2-3).  Plaintiff also claims that defendant's failure to produce original billing records reflects its intention to prevent the "plaintiff from challenging the obviously exorbitant charges the defendant seeks to recover from the plaintiff," and serves as one more example of "defendant's efforts to prevent any review of its wrongful actions toward the plaintiff."  *Id.* at 3.  The court does not believe any such conspiracy to mislead the court

---

[2]    Local Rule 54-16 sets forth the timing and contents requirements for motions for attorney's fees.  Specifically, the rule provides that a "reasonable itemization and description of the work performed" should be included.  Local Rule 54-16(b)(1).

1    or opposing counsel exists.[3]

2         **1.    Documentation of Fees and Costs**

3         The court's order required defendant to produce a summary of legal services broken down

4    by each task performed.  Additionally, the court asked defendant to provide a calculation of the time

5    spent on each task, the lawyer performing the task, each lawyer's hourly rate, and any costs

6    attributable to each task.  In response the court's request for an amended statement of fees and costs,

7    defendant provided itemized time entries for both of the attorneys who provided services in this case.

8    Additionally, in Mr. Trimmer's declaration he included details about the hourly rate for each of

9    defendant's attorneys: $190 per hour for Mr. Trimmer and $225 per hour for Mr. Moss.[4]  *Id.* at Ex.

10   1, p. 7.  Finally, Mr. Trimmer's provided the total costs associated with travel to and attendance at

11   the August 17, 2009 hearing–a total of $360.30.  *Id.* at 8.

12        The court finds these details sufficient to satisfy the requirements of its order and Local Rule

13   54-16, and detailed enough to provide plaintiff with a clear understanding of defendant's work.  It

14   is adequate to provide a description that distinguishes between time spent on motion development

15   and hours spent preparing for and participating in the meet and confer process, as these are distinct

16   legal services.  Finer detail does not advance the court's purpose, which is to gain an accurate,

17   reasonable summary of the tasks performed, the hours spent on those tasks, and the hourly rate

18   charged so that it may engage in the "lodestar" calculation.  Additionally, the court does not find

19   support for plaintiff's assertion that these summary descriptions evidence defendant's "nefarious

20   goals" (#59, p. 2), particularly given that defendants produced more detailed time entries in response

21   to the court's request.

22   _____

23        [3]    The court notes that plaintiff's efforts to relitigate the meet and confer issues addressed by
     the November 2, 2009 order are misplaced in this motion practice.  The court ruled on that issue over ten
24   months ago and upon review at plaintiff's request, the district court affirmed that ruling on August 13, 2010.

25

26        [4]    Plaintiff does not dispute the hourly rates of defendant's attorneys; however, the court notes
     that the rates are reasonable when compared to other attorneys' rates in the region and, according to Mr.
27   Trimmer, are below the firm's standard rates (#55, Ex. 1, p. 7).  Mr. Trimmer also described several other
     voluntary cost saving measures, including assigning the bulk of the work on this litigation to the attorney
28   with the lower hourly rate and choosing not to seek reimbursement for expenses associated with Mr. Moss's
     attendance at the October 16, 2009 hearing.  *Id.* at 8.

1          **2.     Hours Reasonably Expended**

2          Upon review of the time entries, the court disagrees with plaintiff's assertion that defendant

3    could not have reasonably spent a total of 44.2 hours between two attorneys on preparation of its

4    opposition to plaintiff's motion to compel, participation in the meet and confer process, and

5    preparation for and attendance at the October 16, 2009 hearing.  Plaintiff is particularly aggrieved

6    that defendant spent a total of 33.7 hours on preparation of the opposition to its motion to compel,

7    including conferences with the client to discuss and edit the motion.  The court reviewed defendant's

8    opposition, which included thirty-three pages and an attached sixty-six-page declaration with

9    attachments.  While there is obviously not a formula to determine the appropriate number of hours

10   spent per page to draft a pleading or motion, the court does not find it implausible that defendant's

11   counsel expended approximately an hour per page on research, drafting, discussing, and editing the

12   motion, excluding any time defendant used to develop the sixty-six-page declaration and

13   accompanying attachments.  Similarly, the court does not find it surprising that defendant logged 6.5

14   hours preparing for and attempting to engage in the meet and confer process.  As the court outlined

15   in its November 2, 2009 motion, the failed meet and confer process took place from August 18,

16   2009, until September 17, 2009, and included no less than eight  phone, email, or letter contacts.

17         Plaintiff also argues that defendant should not be awarded fees associated with preparation

18   of its response to the motion to compel that are not "necessary *solely* because of the plaintiff's

19   motion to compel" (#59, p. 4) (emphasis added).  Plaintiff seems to suggest that because defendant

20   may use portions of the research and writing completed for its opposition to plaintiff's motion to

21   compel for later motions, it may not include fees associated with this work in the instant statement

22   of fees.  The court did not make this distinction in its original order; neither does it make such a

23   distinction here.  The court does not endeavor to ensure that all fees included in attorneys' statements

24   of fees reflect only those costs "necessary solely" to complete the task at hand.  Within the same

25   litigation and even, when applicable, on different cases, attorneys often reuse legal research and

26   portions of motions and pleadings to avoid duplication of work.  Clients expect such efficiency.

27   That is not to say that the court would allow parties to collect fees based work completed entirely

28   for another motion; however, that is not the case here.  Rather, plaintiff suggests that because

1    defendant would have completed similar research and writing at a later time in order to develop a

2    summary judgment motion, it should not be allowed to include fees associated with the work

3    completed for the instant motion.  If the court adhered to this logic then reimbursement for attorney's

4    fees could never reflect costs for work conducted by attorneys that may benefit later proceedings.

5    This is simply not a distinction the court makes, nor one that reflects the realities of legal practice.

6          Plaintiff also notes several specific inconsistencies in defendant's time entries.  First, plaintiff

7    highlights three entries on October 2, 2009, October 12, 2009, and October 13, 2009,  for Mr. Moss

8    that detailed meetings with Mr. Trimmer for which Mr. Trimmer did not have corresponding entries.

9    The court is aware that some firms elect not to double bill clients for time spent by co-counsel in

10   meetings.  While defendant did not provide such an explanation for the discrepancy between time

11   entries, the court finds this to be a plausible explanation and is certain that plaintiff is not requesting

12   an adjustment upward in fees to account for both attorneys' participation.  Therefore, the court

13   declines to reduce the attorneys fees award by the amount attributable to these meetings.

14         Second,  plaintiff notes one entry for Mr. Moss on October 19, 2009, for a .7 hour meeting

15   with Mr. Trimmer for which Mr. Trimmer lists one hour.  Again, the court cannot be absolutely

16   certain how Mr. Trimmer expended the additional twenty minutes, though it is quite plausible that

17   Mr. Trimmer either prepared for the meeting with Mr. Moss or spent time editing his oral argument

18   based on Mr. Moss's feedback provided in the meeting.  The court is not convinced by plaintiff's

19   suggestion that all parties to a meeting spend the exact same amount of time in the meeting;

20   therefore, the court declines to reduce the award by the amount attributable to this discrepancy.

21         Third, plaintiffs identified one entry for Mr. Trimmer for which he "prepare[d] motion to

22   compel arguments."  Plaintiff argues that this task is not within the allowable fees as the subject of

23   this fee award arises from defendant's preparation of its *opposition* to plaintiff's motion to compel.

24   The court cannot determine that the task described in this entry is included within the order;

25   therefore, the court deducts the cost of this task, $266.00, from the fees award.

26         Finally, plaintiff notes that Mr. Trimmer lists 1.8 hours as the time required to prepare a one-

27   page letter to opposing counsel.  Plaintiffs attached the letter bearing the same date stamp to its

28   opposition.  The court agrees that this time entry reflects far too much time spent on a simple one-

1  page letter.  Therefore, the time entry is reduced from 1.8 hours to .2 hours, resulting in a $304.00

2  reduction in fees attributable to this task.

3       To summarize, the court reduces the overall attorneys fees request of $8748.00 by $570.00

4  bringing the total award to $ 8178.00 plus costs of $360.30.

5  ### III.  CONCLUSION

6       Based upon the foregoing, the court finds that defendant adequately documented its statement

7  of fees and costs in accordance with the court's November 2, 2009 order (#49), Local Rule  54-16,

8  and the court's request for an amended statement of fees and costs (#66).  Further, the statement of

9  fees and costs generally reflects hours reasonably expended on this litigation at a reasonable hourly

10  rate, thus satisfying the "lodestar" calculation.  However, there are two entries the court elects to

11  adjust to reflect allowable and reasonable costs, thereby reducing the request for fees by $570.00.

12       **IT IS THEREFORE ORDERED** that defendant's statement of fees and costs in response

13  to the court's November 2, 2009 order is **GRANTED** in part, and **DENIED** in part.

14       **IT IS FURTHER ORDERED** that defendant's fees attributable to the entry on September

15  9, 2009 described as "prepare motion to compel arguments" is **DENIED** as these fees are not

16  allowable  under the court's November 2, 2009 order.

17       **IT IS FURTHER ORDERED** that defendant's fees attributable to the entry on September

18  15, 2009, described as "draft correspondence to opposing counsel regarding meet and confer

19  obligations" is reduced by $304.00 to reflect a more reasonable amount of time for this task.

20       **IT IS FURTHER ORDERED** that all other fees and costs requested by the defendants shall

21  be **GRANTED.**

22       **IT IS FURTHER ORDERED** that plaintiff shall pay defendant **$8538.30**  for attorney's

23  fees and costs within thirty (30) days of this order.

24       **IT IS SO ORDERED.**

25       **DATED:**   November 2, 2010.

26

27  _____

28       **UNITED STATES MAGISTRATE JUDGE**