UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GUY GRIMSLEY,

        Plaintiff,

v.

CHARLES RIVER LABORATORIES, et al.,

        Defendants.

CHARLES RIVER LABORATORIES, a Delaware corporation,

        Counter-claimant,

v.

GUY GRIMSLEY,

        Counter-defendant.

3:08-CV-00482-LRH-VPC

ORDER

      Before the court is Plaintiff Guy Grimsley's Motion for Stay on Enforcement and Execution Pending Appeal from Judgment (#109). Defendant Charles River Laboratories filed an opposition (#110), to which Plaintiff replied (#111).

      Plaintiff's motion follows the court's entry of judgment (#99) in favor of Defendant on its breach of contract counterclaim for repayment of $15,000 in moving expenses, the court's taxation of costs in the amount of $3,028.65 for Defendant (#106), and Plaintiff's filing of a notice of appeal

(#101). Pursuant to Federal Rule of Civil Procedure 62(d), Plaintiff moves the court to issue a stay of enforcement of the judgment on appeal and to waive any obligation to post a supersedeas bond, or at least require a bond in a lesser amount. Plaintiff states that payment of a full bond "is possible" but that it would exacerbate Plaintiff's difficult financial situation; however, no evidence is submitted to support such factual representations.

Rule 62(d) ordinarily requires an appellant to furnish a supersedeas bond to obtain a stay of execution of a judgment on appeal. "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Painting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). In exceptional circumstances "the district court may permit security other than a bond." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990). The court's discretion is limited, however, to allowing "other forms of judgment guarantee" as substitute security. *Int'l Telemeter Corp. v. Hamlin Int't Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (involving an escrow account).

Here, Plaintiff requests full or partial waiver of the supersedeas bond requirement based on asserted financial hardship. Even putting aside the fact that Plaintiff provides no evidence of such financial hardship, however, waiving the supersedeas bond requirement is beyond the authority of the court under Rule 62(d) in the absence of adequate substitute security, which Plaintiff has not offered. *See Bemo USA Corp. v. Jake's Crane, Rigging & Transport Int'l Inc.*, 2010 WL 4604496, *2 (D. Nev. 2010); *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002). The request for a full or partial waiver shall therefore be denied. Instead, the court shall grant a stay of execution of the judgment on appeal, conditioned upon Plaintiff posting a supersedeas bond in the full amount of the judgment, including costs: $18,028.65. *See Bemo USA*, 2010 WL 4604496, *2. Although Defendants suggest the amount of the judgment is actually $21,426.33, presumably including prejudgment interest, Defendants make no showing to support that assertion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Stay on Enforcement and Execution Pending Appeal from Judgment (#109) is GRANTED, conditioned upon Plaintiff's posting the full supersedeas bond in the amount of $18,028.65.

IT IS SO ORDERED.

DATED 6th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE